IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                      Civil Action No. 3:14cv10

ALEJANDRO MARTINEZ-MATA

**MEMORANDUM OPINION**

Alejandro Martinez-Mata, a federal prisoner proceeding pro se, filed this Motion to Return Property (ECF No. 2) pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of his Lincoln Mark LT which was forfeited. The United States has responded. (ECF No. 3.) Martinez-Mata filed a Reply (ECF No. 8). The matter is ripe for judgment.

### I. PROCEDURAL HISTORY

On September 17, 2012, a grand jury charged Martinez-Mata with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The Indictment included a criminal forfeiture provision, notifying Martinez-Mata that he would be required to forfeit any proceeds or property obtained as a result of the violation or used to commit the violation, which "include[d] but [was] not limited to" seized currency. Indictment 2 (ECF No. 36), United States v. Martinez-Mata, No. 3:12CR152 (E.D. Va. Sept. 17, 2012) (citing

21 U.S.C. § 853). On October 31, 2012, Martinez-Mata pled guilty to this count and signed a Plea Agreement in which he "agree[d] to forfeit all interest in any asset related to the charge to which the defendant is pleading guilty, that the defendant owns or over which defendant exercises control, directly or indirectly including but not limited to" seized currency. Plea Agreement 5 (ECF No. 58), United States v. Martinez-Mata, No. 3:12CR152 (E.D. Va. Oct. 31, 2012). In addition to the specifically identified seized currency, the Plea Agreement provided that Martinez-Mata must forfeit "all property traceable to proceeds from the distribution of controlled substances and any property facilitating the commission of such offenses." Id. at 6. Martinez-Mata also "agree[d] to waive all interest in any such asset in any administrative or judicial forfeiture proceeding" and "agree[d] to consent to the entry of orders of forfeiture for such property . . . ." Id.

Pursuant to Federal Rule of Civil Procedure 32.2, the Court entered a Consent Order for Forfeiture that Martinez-Mata signed and thereby consented to the forfeiture of currency and a 2007 Lincoln Mark LT. Consent Order for Forfeiture 1 (ECF No. 62), United States v. Martinez-Mata, No. 3:12CR152 (E.D. Va. Nov. 2, 2012). In the Consent Order, Martinez-Mata stipulated and agreed "that the aforementioned assets constitute property

2

derived from any proceeds obtained, directly or indirectly as a result of the offense of conviction; or property used, or intended to be used, to commit or facilitate the commission of the offense of conviction." Id. at 2. Martinez-Mata also "waive[d] the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, incorporation of forfeiture in the judgment and consents to the entry of this order." Id.

On January 16, 2013, after publication, the Government declared the assets forfeited to the United States. Notice of Publication and Finality of Consent Order 1 (ECF No. 71), United States v. Martinez-Mata, No. 3:12CR152 (E.D. Va. Jan. 16, 2013). The forfeiture was imposed as part of Martinez-Mata's criminal sentence.

On November 14, 2013, Martinez-Mata filed his Motion to Return Property, seeking the return of the 2007 Lincoln Mark LT. (Mot. Return Prop. 1.) Martinez-Mata argues that because the Indictment and Plea Agreement did not list the vehicle as property to be forfeited, "he never was informed about the forfeiture" of the vehicle and the vehicle should be returned. (Reply at 2-3, ECF No. 8.) For the reasons set forth below, Martinez-Mata's Motion for Return of Property will be dismissed.

3

## II. RELIEF PURSUANT TO FED. R. CRIM. P. 41(G)

Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The Court properly denies a motion for return of property if the defendant lacks entitlement to "lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." United States v. Rudisill, 358 F. App'x 421, 421 (4th Cir. 2009) (citation omitted) (internal quotation marks omitted); United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002) (quoting United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993)).[1]

Here, the record establishes that Martinez-Mata lacks lawful entitlement to return of the vehicle. The Consent Order of Forfeiture demonstrates that Martinez-Mata forfeited the

---

[1] The cases cited herein predating 2002 address motions brought pursuant to Federal Rule of Criminal Procedure 41(e). The Advisory Committee reorganized Rule 41 in 2002, amended Rule 41(e), and recodified it as Rule 41(g). The Advisory Committee Notes described the changes as "stylistic only." See Fed. R. Crim. P. 41, Advisory Committee Notes, 2002 Amendments.

vehicle to the United States. Because the United States judicially seized the vehicle and it was forfeited to the United States, Martinez-Mata lacks lawful entitlement to this property, and he cannot avail himself of Rule 41(g) relief. Rudisill, 358 F. App'x at 421 (citing United States v. Van Cauwenberghe, 934 F.2d 1048, 1060-61 (9th Cir. 1991)); United States v. Fitzen, 80 F.3d 387, 389 (9th Cir. 1996) (citations omitted).[2]

Martinez-Mata argues for the first time in his Reply to the Government's Response that he had no notice that the United States would seek forfeiture of the vehicle until the Consent Order of Forfeiture, thus, the forfeiture was invalid and the vehicle should be returned. (Reply 2-3, ECF No. 8.) This argument fails for several reasons.

First, Martinez-Mata's vehicle was subject to criminal forfeiture. A "criminal forfeiture is part of a defendant's sentence," United States v. Martin, 662 F.3d 301, 306 (4th Cir. 2011) (citation omitted), and thus, can only be challenged on direct appeal, or the challenge is waived. See Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007); cf. United States v.

---

[2] In his Motion for Summary Judgment (ECF No. 18), Martinez-Mata seeks for the first time the "return to plaintiff $27,225.00 monetary value of 2007 Lincoln Mark LT . . . ." (Mot. Summ. J. 1.) To the extent this request is properly before the Court, Martinez-Mata fails to demonstrate entitlement to the monetary value of his vehicle because he forfeited the vehicle to the United States.

Hampton, 732 F.3d 687, 690-91 (6th Cir. 2013) (challenging criminal forfeiture on direct appeal). In his Plea Agreement, Martinez-Mata waived his right to the requirements of Fed. R. Crim. Pro. 32 and 43(a) and his right to appeal his conviction and sentence. Thus, to the extent Martinez-Mata attempts to end-run around the terms of his Plea Agreement, Rule 41(g) fails to provide a method to collaterally attack his criminal judgment and sentence, including the forfeiture of the vehicle.

Moreover, to the extent Martinez-Mata's Rule 41(g) Motion somehow permits him to challenge a forfeiture order at this juncture, contrary to Martinez-Mata's argument that the Indictment failed to list the vehicle as subject to forfeiture, no need existed to list all of the property subject to forfeiture in the indictment. See Hampton, 732 F.3d at 690 ("'The indictment or information need not identify the property subject to forfeiture . . . . (quoting Fed. R. Crim. P. 32(a))); United States v. Poulin, 461 F. App'x 272, 288 n.8 (4th Cir. 2012) (citing Fed. R. Crim. P. 32.2(a)(2010)). While the Indictment did not list the vehicle as subject to forfeiture, the Indictment provided adequate notice of the United States's intention to seek criminal forfeiture of any property derived from proceeds of or used to facilitate his drug trafficking. Martinez-Mata also agreed to this provision in his Plea Agreement.

6

Finally, despite his contention that he had no notice that the vehicle was subject to forfeiture, Martinez-Mata signed the Consent Order agreeing that the vehicle was property derived from drug proceeds or used to facilitate drug trafficking. Martinez-Mata fails to demonstrate that his agreement to the Consent Order is invalid.[3]

### III. CONCLUSION

Based on the foregoing, Martinez-Mata's Motion to Return Property (ECF No. 2) will be dismissed. Martinez-Mata's Motion for Summary Judgment (ECF No. 18) will be denied as moot. Martinez-Mata's "Motion for Extension of Time to Reply [to] the Government's Response" (ECF No. 25) to his Motion for Summary Judgment will be denied as moot.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Martinez-Mata and counsel for the United States.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 24, 2014

---

[3] At most, Martinez-Mata claims that he "was railroaded by his own attorney who was acting as an agent of the government . . . to sign the 'consent order of forfeiture.'" (Mem. Supp. Mot. Summ. J. 2-3, ECF No. 19.)